FILED

2008 Dec-19  AM 10:21
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **WAYNE J. WADDELL, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 2:08-CV-292-VEH** |
| | ) | |
| **HOLIDAY ISLE, LLC, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

---

## MEMORANDUM OPINION

### I.    INTRODUCTION

Currently pending before the Court is the Motion for Change of Venue or

Confirmation of Referral (Doc. 55), which the Defendants Holiday Isle, LLC, The

Mitchell Company, Inc., and Paul C. Wesch bring pursuant to 28 U.S.C. § 1412.  The

parties have fully briefed this issue (Docs. 59, 60, 61), and this Motion is now under

submission to the Court.  Having considered the arguments, the Court finds that the

pending motion is due to be **GRANTED**.

### II.    FACTUAL HISTORY

This case concerns a dispute over a condominium development in Mobile

County, Alabama.  The plaintiffs are all purchasers of condominium units in the

development, Holiday Isle, of which  of which the Defendants, Holiday Isle, LLC, The

Mitchell Company, Inc., and Paul C. Wesch ("Developers") were the developers.  The

legal dispute in this case concerns funds that the plaintiffs deposited for the purchase

of condominium units, but the units were allegedly never completed, and the sales

never closed.  The plaintiffs seek recovery of those funds.

The case was submitted to arbitration, and the plaintiffs now seek confirmation

of an arbitration award, which the Developers dispute and seek to have vacated.

Holiday Isle, LLC, has now filed a petition for bankruptcy in the Southern

District of Alabama.    *In re Holiday Isle, LLC*, No. 08-BR-14135.  Along with the

other developers, Holiday Isle now seeks to have this case transferred to the Southern

District of Alabama for resolution of the arbitration award.  The plaintiffs and the

defendant RBC Centura Bank (who filed a separate interpleader action, which until

recently was maintained in the Northern District of Alabama, No. 2:08-CV-1970-RDP)

oppose this motion.

## III.   ANALYSIS

Pursuant to 28 U.S.C. § 1412, "[a] district court may transfer a case or

proceeding under title 11 to a district court for another district, in the interest of justice

or for the convenience of the parties."   "An action is related to the bankruptcy if the

outcome could alter the debtor's rights, liabilities, options, or freedom of action (either

positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.'" *Miller v. Kemira, Inc.*, 910 F.2d 784, 788 (11th Cir.1990). "Thus, under the Eleventh Circuit's broad interpretation of 'related to,' a civil proceeding against a debtor to recover damages under breach of contract and /or tort theories which 'could alter the debtor's rights, liabilities, options, or freedom of action' with respect to subsequent adjudication in bankruptcy of the debtor's interest in property is a 'related to' proceeding. *In re Harnischfeger Industries, Inc.*, 246 B.R. 421, 433 (N.D.Ala. 2000).

The Court finds that the pending action falls under the broad definition of "related to" jurisdiction. The resolution of this dispute could affect the assets of Holiday Isle, LLC, the debtor in the pending bankruptcy case. Therefore, the Court addresses whether a change of venue is proper.

"The two grounds stated in 28 U.S.C. § 1412 under which a district court may transfer a case or proceeding 'under Title 11' to a district court for another federal district are 'in the interest of justice or for the convenience of the parties.' Because the criteria under § 1412 are phrased in the disjunctive, the bankruptcy case or proceeding is transferrable upon a sufficient showing of either the interest of justice or for the convenience of the parties . . . . Transfer of venue pursuant to § 1412 requires a case-by-case analysis that is subject to broad discretion of the court. The party seeking

the change or transfer of venue has the burden to show that transfer is appropriate and further must do so by a preponderance of the evidence." *Id.* at 435 (internal citations omitted). "Moreover, the district in which the underlying bankruptcy case is pending is presumed to be the appropriate district for hearing and determination of a proceeding in bankruptcy." *In re Manville Forest Products Corp.*, 896 F.2d 1384, 1391 (2d. Cir. 1990).

Under the "interests of justice" test, the Court may consider the following factors: (1) the economics of estate administration; (2) the presumption in favor of the "home court" where the bankruptcy is filed; (3) judicial efficiency; (4) the ability to receive a fair trial; (5) a state's interest in having local controversies decided within its borders; (6) the enforceability of any judgment rendered; and (7) the plaintiff's original choice of forum. 246 B.R. at 437; *In re Bruno's, Inc.*, 227 B.R. 311, 324-325 (N.D. Ala. 1998).

The Developers concede that factors five, six and seven do not apply in the instant case, and they also concede that the "convenience of the parties" test does not apply. (Doc. 61 at 3-4.) Thus, they rely chiefly on the first four factors of the "interests of justice" test to meet their burden of demonstrating that transfer is appropriate. The Court now turns to each of these factors.

First, the Court finds that the economics of estate administration weigh in favor

of a transfer.  Holiday Isle filed for bankruptcy in the Southern District of Alabama,

and there are four other cases relating to the underlying transaction that are pending in

the Southern District of Alabama.  *See RBC Bank v. Holiday Isle, LLC*, No. 2:08-CV-

1970-RDP at 9 (Dec. 15, 2008) (transferring case pursuant to 28 U.S.C. § 1404(a).

Furthermore, the related interpleader action before Judge Proctor in the Northern

District of Alabama has already been transferred to the Southern District of Alabama.

*See id.*  On this basis, it appears that all assets related to the bankruptcy proceeding

could be adjudicated in that district. The plaintiffs in the instant case are parties to

twenty identical contracts that could substantially affect the estate of the debtor;

therefore, the economics of estate administration weigh in favor of a transfer.

Next, the home court of the debtor is the Southern District of Alabama, where

the bankruptcy was filed.  This factor weighs heavily in favor of transfer; indeed, the

Second Circuit in *In re Manville Forest Products Corp.* found that there was a

presumption in favor of the district in which the bankruptcy was filed.  896 F.2d at

1391.

Third, judicial efficiency would best be served by transferring this case.  As

previously discussed, the related interpleader action has already been transferred.

Thus, the major issues relevant to this case, the witnesses, and the disputed

condominiums are all in the Southern District of Alabama.  It would be far more

efficient to transfer this controversy to the Southern District of Alabama.

Finally, it is unquestionable that the Southern District of Alabama would not in any way provide any less fair a trial than the Northern District of Alabama.  Thus, all four factors that the Developers rely upon weigh in favor of transfer.

## IV.  CONCLUSION

For the reasons discussed above, the pending motion is due to be **GRANTED**. An Order consistent with this Memorandum Opinion will be entered.

**DONE** and **ORDERED** this the 19th day of December, 2008.

                                            _____

                                          **VIRGINIA EMERSON HOPKINS**
                                          United States District Judge